IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE PENA, #M07556,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-01464-SMY |
| ) | |
| **ROB JEFFREYS,** ) | |
| **ANTHONY WILLS,** ) | |
| **ANTHONY B. JONES,** ) | |
| **JOSHUA A. SCHOENBECK,** ) | |
| **CURTIS L. DALLAS,** ) | |
| **and YVETTE BAKER,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on June 6, 2024. (Doc. 1). In it, Plaintiff asserted claims against officials at Menard Correctional Center under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id*. He commenced this action without prepaying the $405.00 filing fee or filing a motion for leave to proceed *in forma pauperis* (IFP motion).

At the time of case opening, this Court mailed Plaintiff two Notices concerning the action, *see* Docs. 2 and 3. In the first, Plaintiff was advised of his obligation to either prepay the full filing fee of $405.00 or file an IFP motion without prepayment of the filing fee on or before July 8, 2024, *see* Doc. 2. In the second, Plaintiff was instructed to sign and return a Notice and Consent to Proceed Before a Magistrate Judge Jurisdiction Form ("Notice and Consent") on or before June 27, 2024, *see* Doc. 3. He was warned that the action would be dismissed for failure to comply with these Orders. *Id*.

1

Plaintiff missed the original and extended deadlines for submitting his Notice and Consent on June 27, 2024 (Doc. 3) and July 8, 2024 (Doc. 4). He also missed the deadline for paying his filing fee or filing an IPF motion by July 8, 2024 (Doc. 2). The Court entered a Notice of Impending Dismissal that warned Plaintiff the case would be dismissed for noncompliance with the Court's Orders at Docs. 2, 3, and 4 and for failure to prosecute his claims (Doc. 5). However, Plaintiff could avoid dismissal by prepaying his filing fee or filing an IFP motion and submitting his Consent/Non-Consent no later than July 31, 2024. *Id*.

Plaintiff missed all deadlines set in this case, and the Court will not allow this matter to linger indefinitely. Accordingly, the case is **DISMISSED without prejudice** for failure to comply with the Court's Orders at Docs. 2, 3, 4, and 5 and for failure to prosecute his claims. FED. R. CIV. P. 41(b).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  August 14, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
